PADGETT et al. v. HINES et al.    (No. 2301.)

(Court of Civil Appeals of Texas. Texarkana. July 7, 1920. Rehearing Denied Oct. 7, 1920.)

1. Appeal and error ⟺1051(2) — Evidence held not prejudicial where facts were undisputed.

Where it was undisputed that defendants had been in uninterrupted possession of the land for sufficient time to give them title by limitation, if their possession was adverse, before they filed a designation of homestead, the admission in evidence to show adverse possession of the written designation of homestead was not prejudicial to plaintiffs.

2. Trial ⟺260(1)—Requests on subject covered by charge need not be given.

A requested instruction upon an issue in relation to which the court in his main charge appropriately instructed the jury need not be given

3. Trial ⟺252(5) — Issue not supported by evidence need not be submitted.

Where the defense to trespass to try title was adverse possession, and there was no evidence that defendants entered on the land expecting to acquire it from the state, it was not error to refuse to submit the latter issue to the jury.

4. Appeal and error ⟺1066 — Objection to charge on adverse possession as broader than pleading in including predecessors in title held technical.

An objection that a charge on adverse possession by defendants and those under whom they claimed was broader than the petition alleging possession by defendants is technical and should be overruled, where the evidence showed that defendant and her deceased husband had been in possession for more than 45 years.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Trespass to try title by Mrs. Effie Ferguson Padgett and others against Hollin Hines and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

F. H. Prendergast, of Marshall, and Armistead & Benefield, of Jefferson, for appellants. T. D. Rowell, of Jefferson, for appellees.

HODGES, J. The appellants sued the appellees, Hollin Hines and Lee Denmark, in

the form of an action of trespass to try title for the recovery of 160 acres of land situated in Marion county. The appellees pleaded not guilty and adverse possession extending over a period of more than ten years. Appellants claim title as the heirs of S. G. Slayton, who died about 1871. The court instructed the jury to return a verdict for the appellants unless they found for the appellees under their plea of limitation. This appeal is from a verdict in favor of the appellees based presumably upon that plea. Hollin Hines was the widow of Fletcher Hines, an old negro who died during the year 1918. Lee Denmark was his child by another woman. The evidence offered by the appellees tends to establish substantially the following facts: Fletcher Hines, with whom the appellee Hollin Hines was then living as his wife, took possession of the land in controversy in 1875. The land had formerly been occupied and a part of it cultivated by a white man, who abandoned it and left the country a short time prior to 1875. Fletcher Hines moved upon the place, built a dwelling, and cultivated a part of the premises each year thereafter. He also paid the taxes for most of the time during his occupancy. He and his wife lived there and used the land continuously from 1875 till his death, which occurred in 1918. After his death his widow continued to occupy it, and was so occupying it at the time this suit was instituted in 1919. During the time Hines and his wife occupied and used the premises no adverse claim had been set up by any other person, and the first instance in which their title was questioned was just before the filing of this suit. In October, 1910, Fletcher Hines filed in the office of the county clerk of Marion county what purports to be a written designation of this tract of land as his homestead. On the trial below the court permitted this instrument to be introduced as evidence of the adverse claim of Hines and as notice to the holders of the true title. The only objection to its introduction disclosed by the record is to be found in the statement of facts. The objection there made is general and does not state any grounds for the exclusion of the instrument.

[1] The evidence makes it clear that, if Hines acquired any title by limitation, it was perfected long before this document was executed. The undisputed facts show that at that time he had been in uninterrupted possession of the land for approximately 45 years, under apparently the same claim which he thereafter asserted. The admission of this instrument, even if error, was harmless under the facts of this case. It is difficult to understand how the jury could have found otherwise upon the issue of limitation, even without reference to that instrument.

[2] There was some evidence tending to show that Hines claimed to hold possession for S. G. Slayton. This evidence consisted of a statement by one witness that Hines, some time during the year 1882, told witness that the land belonged to Slayton, and that Slayton had put him (Hines) there. It was undisputed that Slayton died four or five years before Hines went into possession of the land. The evidence offered by the appellees tended to disprove any holding in subordination to Slayton. The court in his main charge instructed the jury appropriately upon that issue, and there was no occasion for giving the special charge upon that subject requested by the appellants.

[3] There was no evidence that Hines went on the land expecting to acquire it from the state, and the court did not err in refusing to submit that issue to the jury.

[4] In their pleadings the appellees alleged:

"That they, claiming to have good and perfect right and title to the land described in the plaintiffs' petition and being located in Marion county, Tex., and that they have had and held peaceably the land claimed and adverse possession of the same, cultivating, using, and enjoying the same for a period of more than ten years after plaintiffs' cause of action accrued and before the commencement of this suit."

In charging upon that issue the court told the jury to find for the defendants if they believed "that Fletcher Hines took possession of the land in controversy under a claim of right in himself, and that he and those claiming under him had held peaceable and adverse possession thereof, etc., for 10 years next before April 17, 1919." Appellants object to that charge because it submits the issue of limitation in a form different from that in which it was pleaded; the difference being that the court authorizes a verdict for the defendants if the jury believed that the defendants "and those under whom they claimed" had been in adverse possession of the land more than 10 years. This objection is, we think, technical in its nature, and should be overruled.

There was no objection to the testimony offered to show that Fletcher Hines held adversely, nor is there any assignment questioning the sufficiency of the evidence in this case to support a finding in favor of the appellees. They did not seek or obtain any affirmative relief, and the proof was abundant that Fletcher Hines and his wife had been in possession of the land for approximately 45 years before their claim was disputed by any one.

The judgment will therefore be affirmed.